No. 27,681.

C. E. CORY, *Appellant,* v. THE INTERNATIONAL INDEMNITY COMPANY, *Appellee.*

(261 Pac. 573.)

SYLLABUS BY THE COURT.

INSURANCE—*Insurable Interest in Automobile as Owner.* The cashier of a bank which held a mortgage on an automobile procured possession of it by a replevin action brought in the name of the bank: *Held,* the cashier had no insurable interest in the automobile as an owner thereof.

Appeal from Cloud district court; JOHN C. HOGIN, judge. Opinion filed December 10, 1927. Affirmed.

*Park B. Pulsifer* and *Clyde L. Short,* both of Concordia, for the appellant; *W. D. Vance* and *R. E. McTaggart,* both of Belleville, of counsel.

*Charles L. Hunt, Frank C. Baldwin, C. J. Putt,* all of Concordia, *Thomas F. Doran* and *Clayton E. Kline,* both of Topeka, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an action on an insurance policy against theft on an automobile. The trial court directed a verdict for defendant. Plaintiff has appealed.

It appears that one Jay Tripp, an oil operator residing at Wichita, purchased a Cadillac four-passenger phaëton automobile from the Nagelvoort-Stearns Co., the Cadillac company at Wichita, and gave a mortgage thereon to the seller to secure a part of the purchase price. A few months later Tripp had business in and about Concordia. He there borrowed from the Concordia State Bank $1,100, giving his note due on demand therefor and secured the same by a second mortgage on the Cadillac automobile. Later Tripp cashed a check for $325 at the Concordia State Bank, which went to protest. Then the plaintiff, C. E. Cory, cashier of the Concordia State Bank, went to Wichita and, in the name of the bank and based on the indebtedness and mortgage of Tripp to the bank, brought a replevin action, gave a replevin bond, and, no redelivery bond being given, got possession of the car. He gave the Nagelvoort-Stearns Co. his check for $868 and obtained an assignment of its lien on the car and drove it to Concordia. He did not procure a bill of sale of the car from anyone. On the day he reached Concordia, April 18, 1925, the

Insurance, 32 C. J. p. 1110 n. 45. Motor Vehicles, 42 C. J. p. 789 n. 50.

insurance policy here in question was applied for and issued to C. E. Cory in the sum of $2,200, against loss by fire and theft. The car was stolen a few nights thereafter. There was evidence tending to show that, after the policy was issued and before the theft of the car, plaintiff had some understanding with the directors of the bank by which he was to take up the indebtedness of Tripp to the bank and to have the car, and that he did take up this indebtedness about three weeks after the car was stolen.

The policy contained warranties, made by the assured as a basis of issuing the policy, that he had purchased the automobile, second-hand, in April, 1925, at the actual cost to him of $2,500; that it was fully paid for by him, and was not mortgaged or otherwise encumbered. The policy also contained the provision:

"This entire policy shall be void . . . if the interest of the assured in the subject of this insurance be other than unconditional and sole ownership."

The evidence disclosed the policy was issued on false warranties made by the assured; that plaintiff had not purchased the car at an actual cost to him of $2,500, or any other sum; neither had the car been fully paid for by him, and it was mortgaged, under two mortgages, and its title, or the right to its possession, was then involved in a replevin action which was undetermined.

The evidence further disclosed that, under the terms of the policy, the entire policy was void for the reason that the interest of the assured in the automobile was other than unconditional and sole ownership, and such interest as he had therein had not been noted on the policy and agreed to by the company.

The evidence further disclosed that plaintiff had no insurable interest in the automobile, or at least no insurable interest as owner. In fact the title to the automobile was still in Tripp, subject to the two mortgages and the replevin action above mentioned. If it can be said that the evidence sustains the theory, argued by plaintiff without much to support it, that the car was sold by the Concordia bank to him in accordance with a provision in its mortgage authorizing it to sell the car at private sale, still plaintiff would have no insurable interest in the automobile for the reason that no bill of sale was given to him by the seller, nor were notices given, as was then required by our statute. (R. S. 8-117, 8-118.) See *Morris v. Firemen's Ins. Co.*, 121 Kan. 482, 247 Pac. 852, where the specific question was determined. These sections of the statute were repealed by chapter 87 of the Laws of 1927, but the rights of the par-

ties here turn on the statute in force at the time the policy was issued. Plaintiff argues that the statute should not be held to apply to the sale of an automobile by a mortgagee acting under the terms of a mortgage giving him the power to sell. Certainly the right of a mortgagee to sell a used automobile is not greater than the right of an absolute owner. Every reason why the statute applies to the sale by an owner applies with equal force to a sale by a mortgagee.

It was not error for the court to direct a verdict for defendant, and its judgment is affirmed.