No. 27,835.

I. F. BRADLEY, *Appellant,* v. THE RETAILERS FIRE INSURANCE
COMPANY, *Appellee.*

(267 Pac. 23.)

Opinion filed May 5, 1928.

*I. F. Bradley,* of Kansas City, for the appellant.

*Robert Stone, George T. McDermott, James A. McClure, Robert L. Webb, Beryl R. Johnson,* all of Topeka, *Edwin S. McAnany, Maurice L. Alden* and *Thomas M. Van Cleave,* all of Kansas City, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: This is an action commenced in 1926 to recover on a policy of insurance issued by the defendant to indemnify the plaintiff against loss by theft of a motor truck owned by him. Judgment was rendered in favor of the defendant, and the plaintiff appeals.

The evidence disclosed that early in 1926 the plaintiff bought a secondhand motor truck from Walter Anderson, who was not a regular dealer engaged in the barter or sale of such vehicles; that he did not give any bill of sale of the motor truck to the plaintiff; that section 8-117 (repealed in 1927) of the Revised Statutes was not complied with in making the sale; that the defendant issued to the plaintiff a policy of theft insurance on the truck thus purchased; that the truck was stolen May 17, 1926, after the policy was issued; that the plaintiff made proof of loss; and that the defendant denied liability, tendered to the plaintiff the premium which had been paid, and refused to pay anything under the policy.

This case is controlled by *Morris v. Firemen's Ins. Co.,* 121 Kan. 482, 247 Pac. 852, where this court declared the law to be that—

"One who buys an automobile from any person other than a regular dealer having an established place of business, without requiring the seller to be identified by two persons of the buyer's acquaintance and without requiring a bill of sale to be executed by the seller, with his name and address, and giving an accurate and comprehensive description of the car, and particularly its correct engine number, and containing also the signatures and addresses of the identifying witnesses, has no insurable interest in such automobile against its theft."

To the same effect is *Cory v. International Indemnity Co.*, 124 Kan. 677, 261 Pac. 573.

That decision was based on section 8-117 of the Revised Statutes, which requires that a bill of sale be signed and delivered with certain formalities when one who is not a regular dealer in motor vehicles sells such a vehicle to another person.

The plaintiff seeks to avoid the effect of the statute by arguing that the spirit of the statute was complied with because the defendant's agent who procured the insurance knew that the plaintiff had purchased the truck from the person who claimed to be its former owner. That did not comply with the statute.

The judgment is affirmed.