No. 28,377.

M. A. BARTON, *Appellant,* v. THE MERCANTILE INSURANCE COMPANY, *Appellee.*

(273 Pac. 408.)

Opinion filed January 12, 1929.

A. R. Lamb and Clement A. Reed, both of Coffeyville, for the appellant.

Ralph T. O'Neil and J. D. M. Hamilton, both of Topeka, for the appellee.

The opinion of the court was delivered by

DAWSON, J.:   This was an action to recover on a policy of fire and theft insurance on a secondhand automobile.

Plaintiff claimed title to the car by virtue of an exchange of property with one Lockard, a railway employee, its former owner.   The trade occurred when the statute, R. S. 8-116, 8-117, was in force which made it unlawful to buy an automobile from anybody but a regular dealer without getting a bill of sale with identifying witnesses thereto and without notifying the sheriff and nearest police officer.   Plaintiff wholly ignored the provisions of this statute.

At the conclusion of plaintiff's evidence a demurrer thereto was sustained, and he appeals.

It is first argued that the statute violates that provision of the state constitution which declares that no bill shall contain more than one subject, which shall be clearly expressed in its title.   The title reads:

"An act relating to the registration of automobiles and other motor vehicles; defining the same; requiring the registration and licensing of motor vehicles, and providing a license fee for such registration; providing penalties for the violation of this act, . . ."   (Laws 1921, ch. 69.)

Under such a title, a statute could properly include everything which the legislature might reasonably consider to be germane to the matter of keeping tab on the ownership of automobiles, and to hinder the facility with which stolen automobiles were theretofore transferred into pretended innocent ownership.   The constitutional objection to the act cannot be sustained.   (City of Wichita v. Wichita Gas Co., 126 Kan. 764, 271 Pac. 403, and citations.)

It is argued that the statute is not applicable to defeat a claim based on a loss by fire.   Appellant says:

"Conceding that the above-mentioned statutes were passed for the purpose of making it difficult to traffic in stolen automobiles, we submit that there is no logical reason why this statute should be applied to a claim upon an insurance policy on an automobile against fire."

We have repeatedly held that where the act is violated in the

sale or exchange of automobiles, no insurable interest is acquired by the recipient (*Morris v. Firemen's Ins. Co.*, 121 Kan. 482, 247 Pac. 852; *Cory v. International Indemnity Co.*, 124 Kan. 677, 261 Pac. 573), and we are not inclined to graft an exception to the rule laid down in these cases—an exception which would largely destroy the police regulations intended by the act, for certainly an automobile could be as effectively turned to a thief's advantage by stealing and insuring and then burning it as by stealing and selling it. In this case the car was insured and then stolen and burned.

It is next argued that the insurance company waived the defense of no insurable interest by various acts and conduct inconsistent therewith. It was shown that after receiving notice of the loss, defendant's state agent reprimanded its local agent for insuring the car for so large a sum as $600. Defendant also referred plaintiff's claim for insurance to a firm of insurance adjusters. Plaintiff was put to the trouble of taking defendant's agent on a journey of seven miles to look at the charred remains of the burned car, and the agent asked and received from plaintiff information concerning his ownership of the car and that he did not have a bill of sale, and at the agent's suggestion plaintiff obtained an offer of $25 for as much of the car as the fire did not destroy. Another agent of defendant told plaintiff the car was overinsured, but that he would settle plaintiff's claim of $600 for $350. It is argued that such attitude and conduct on defendant's part constituted an estoppel and waiver of possible defenses to plaintiff's claim. But the defense to this action is not based on technical considerations which may be waived or which by conduct defendant may be estopped to plead. This is not a case where the policy would be valid and enforceable if certain stipulations were complied with, or similarly enforceable if such provisions were waived. Here the contract of insurance was void from its inception because its terms were breached by plaintiff as soon as made. The terms of the policy which were altogether fatal to a recovery, in part, read:

"Name of Assured: M. A. Barton. . . .

"*Title and Ownership.* This entire policy shall be void unless otherwise provided by agreement in writing added hereto: (a) If the interest of the assured in the subject of this insurance be other than unconditional and sole ownership."

The consensus of judicial opinion is that the doctrine of waiver or estoppel is not applicable to a case where the defense is based on

the claimant's want of insurable interest. (*Agricultural Ins. Co. v. Montague*, 38 Mich. 548; *Wisecup v. Insurance Co.*, 186 Mo. App. 310; *La Font v. Home Ins. Co.*, 193 Mo. App. 543, 548; *Bassett v. Farmers & Merchants Ins. Co.*, 85 Neb. 85.) The case of *Bremen Farmers Mutual Ins. Co. v. Ingman*, 122 Kan. 736, 253 Pac. 433, takes cognizance of this rule although it was properly held inapplicable to that case.

A final argument is made on the point that after the car had been stolen and destroyed by fire, plaintiff did obtain a properly executed and witnessed bill of sale, and that he did advise the sheriff and chief of police of the fact that he had become its owner. He invokes the rule announced in *Draper v. Miller*, 92 Kan. 275, 140 Pac. 890, and *Minter v. Shearer*, 117 Kan. 511, 232 Pac. 249, where it was held that a plaintiff who had obtained a pardon for a petty offense against a city ordinance could maintain an action for services performed by him in breach of such ordinance. The instant case is quite different. Plaintiff has not received a pardon for his offense against the state law; and in *Draper v. Miller*, supra, this court said that the rule should be limited as much as possible to cases falling within the scope of our own precedents. (*Simmons v. Oatman*, 110 Kan. 44, 48, 202 Pac. 977.) There is sound logic as well as good authority underlying the rule that a subsequently acquired interest will not support the contract of an insured who had no insurable interest when the policy was taken. (*Howard v. Lancashire Ins. Co.*, 11 Can. S. C. 92, 94, 6 Can. L. T. 26.)

The judgment is affirmed.