No. 37,612

G. E. Weaver, *Appellee*, v. Hartford Fire Insurance Co., *Appellant*.

(211 P. 2d 113)

Opinion filed November 12, 1949.

*Wayne Coulson*, of Wichita, argued the cause, and *Howard T. Fleeson, Homer V. Gooing, Paul R. Kitch, Dale M. Stucky* and *Donald R. Newkirk*, all of Wichita, were with him on the briefs for appellant.

*Eugene L. Pirtle*, of Wichita, argued the cause, and *Vincent F. Hiebsch, Milton Zacharias, Kenneth H. Hiebsch* and *J. R. Sheedy*, all of Wichita, were with him on the briefs for appellee.

The opinion of the court was delivered by

Price, J.: This is an action on an automobile insurance policy to recover for damage to a 2,250 gallon tank alleged to be equipment of a newly purchased truck in substitution for the truck described in the policy. Plaintiff insured recovered and defendant company has appealed. The facts are not in controversy and are as follows:

On April 2, 1946, plaintiff, being the owner of a 1939 Ford tank-

truck, obtained from defendant a policy of insurance covering a "1939 Ford 2,250 Gallon Tank Truck" from loss by fire and, among other things, explosion. By the terms of the policy the word "automobile" included "its equipment and other equipment permanently attached thereto." It further provided:

"If the named Insured who is the owner of the automobile acquires ownership of another automobile and so notifies the Company within thirty days following the date of its delivery to him, such insurance as is afforded by this policy applies also to such other automobile as of such delivery date:

"(a) if it replaces an automobile described in this policy, but only to the extent the insurance is applicable to the replaced automobile, . . .

"This insuring agreement does not apply: (a) to any loss against which the named Insured has other valid and collectible insurance, . . .

"EXCLUSIONS

"This policy does not apply: . . . while the automobile is subject to any bailment lease, conditional sale, mortgage or other encumbrance not specifically declared and described in this policy; . . ."

The expiration date was April 26, 1947. On December 27, 1946, plaintiff made arrangements with an automobile dealer in Wichita, C. E. Jones, Inc., to purchase a new White truck, trading in the Ford truck exclusive of the tank, and to finance the balance of the purchase price in the amount of $2,595.80 by a conditional sales contract on the White truck. He directed Jones to remove the tank from the Ford truck and to attach it to the new White truck. On that day the tank was permanently detached from the Ford truck and the Ford was taken to a sales lot. The tank was placed on the White truck and some of the bolts put in place but not securely fastened or bolted down. The next day, December 28, 1946, plaintiff executed a conditional sales contract to Jones covering the balance due on the White truck. On this date he also procured from Service Fire Insurance Company (hereinafter referred to as Service Co.) a policy of insurance covering the White truck. This policy provided that "the word automobile shall also include its equipment and other equipment permanently atached thereto."

During the night of December 30, 1946, while employees of C. E. Jones, Inc., were cutting the frame of the White truck to make the tank fit and were engaged in bolting it to the truck, an explosion occurred which damaged the tank and the White truck. The next morning defendant company was notified of the loss. On January 2, 1947, a bill of sale to the White truck was delivered to plaintiff. On or about January 15, 1947, plaintiff notified defendant to transfer coverage under the policy from the Ford truck to the White

truck, but did not notify defendant of the conditional sales contract. Defendant requested plaintiff to furnish it with certain data with reference to engine number, etc., before the transfer could be made. On January 17, 1947, plaintiff received his certificate of title to the White truck. On or about January 20, 1947, defendant denied liability under the policy in question. On January 24, 1947, plaintiff procured another policy from the Service Co. to cover a "1947 White Trk with gasoline tank." This policy listed an encumbrance of $3,749 on the property. Under its policy issued December 28, 1946, Service Co. paid plaintiff the sum of $209 for damage to the White truck. Plaintiff brought suit against defendant for the damage to the tank and for attorney fees and recovered judgment of $1,457.01 for damage to the tank and $500 for attorney fees.

In deciding the case the trial court rendered findings of fact and conclusions of law, four of the latter being as follows:

"CONCLUSIONS OF LAW

"1. Plaintiff had no insurable interest in the White truck December 28, 1946, because the Bill of Sale was not issued until January 2, 1947; however, there was a delivery of possession and the exercise of rights of possession by plaintiff acquiesced in by C. E. Jones, Inc., in directions of plaintiff to transfer the tank to the White truck and the following work order with operations in compliance with said work order.

"2. The defendant's policy covered loss by explosion of a 1939 Ford 2,250 gallon tank truck.

"3. The White truck was substituted for the 1939 Ford and notice of substitution given within 30 days under defendant's policy, together with proof of loss which were turned down; therefore, it would have been a useless thing for plaintiff to have notified defendant of the conditional sales contract to have same set out in the policy when defendant (plaintiff) was and is now claiming no coverage or loss suffered.

"4. The only valid insurance at time of the explosion was the defendant's policy and the extended coverage on the tank being transferred to the substitute or replacement vehicle 1947 White truck makes the defendant company liable for the loss of the tank ($1,457.01) and reasonable attorney fees of $500.00 as found by the jury."

While defendant company specifies eight assignments of error, yet, from its oral argument and brief, its contentions that its policy did not cover the tank as a part of the substituted White truck or its equipment, may be stated as follows:

1. The tank had not yet become a part of the White truck or its equipment at the time of the loss.

2. Plaintiff had no insurable interest in the White truck at the time of the loss.

3. If plaintiff had an insurable interest in the White truck and if the tank was part of its equipment at the time of the loss, then it was covered by the policy of the Service Co. and the automatic coverage clause in defendant's policy was inapplicable because of its provision to the effect that such insuring agreement did not apply to any loss against which the named insured had other valid and collectible insurance.

4. There was no coverage under defendant's policy because the White truck was subject to a conditional sales contract, of which defendant had no notice and which was not described in the policy.

In support of the lower court's judgment, plaintiff argues that:

1. Under the terms of defendant's policy he was insured against damage to his 2,250 gallon tank by application of the policy provision extending automatic insurance to replacement automobiles.

2. He is not barred from recovery on account of the provision against other insurance for the reason that on the date of the explosion he had not yet obtained a bill of sale and certificate of title to the White truck and therefore on that date had no insurable interest in it, and as a result it cannot be said that as of December 30, 1946, there was other valid and collectible insurance in existence.

3. He is not barred from recovery on account of the provisions in defendant's policy against encumbrances for the reason that the 2,250 gallon tank is not described as a part of the security under the conditional sales contract in question, and therefore there was no encumbrance on the specific property for the damage to which this suit was brought, and

4. In any event, defendant would be liable for the damage to the tank under the thirty-day automatic extension provision of defendant's policy, notwithstanding the encumbrance, because such provision does not specifically exclude encumbrances on the replacement automobile during the thirty day period within which plaintiff was to notify defendant of such replacement automobile.

There are several avenues of approach to the various questions raised, but in our opinion the proper solution of the problem rests in the answers to three fundamental and underlying questions.

Under the facts of this case, did the White truck and its equipment come under the automatic insurance clause of defendant's policy? We think so. That clause, *supra*, provided automatic coverage on the replacement vehicle as of delivery date. Insured relinquished possession of the Ford truck, accepted delivery of the

White truck and within the meaning of the automatic insurance clause acquired ownership of the White truck on December 27, and therefore had an insurable interest in it and its tank equipment, although the latter had not been completely fastened or bolted down at the time of the explosion on December 30.

For purposes of the Service Co. policy, taken out on December 28, did insured have an insurable interest in the White truck and the tank on December 30? He argues that he did not (and the lower court so found) for the reason that as of that date he had not yet received a bill of sale and a certificate of title. *Sorenson v. Pagenkoph*, 151 Kan. 913, 101 P. 2d 928; *Sims v. Sugg*, 165 Kan. 489, 196 P. 2d 191; *Morris v. Firemen's Ins. Co.*, 121 Kan. 482, 247 Pac. 852, 52 A. L. R. 696; *Cory v. International Indemnity Co.*, 124 Kan. 677, 261 Pac. 573; *Bradley v. Retailers Fire Ins. Co.*, 126 Kan. 27, 267 Pac. 23; *Barton v. Mercantile Ins. Co.*, 127 Kan. 271, 273 Pac. 408. We find no fault with those decisions, but they are not in point to the case at hand for the reason that they were either possessory actions or else the question of insurable interest was brought in issue by virtue of a failure to comply with the regulatory and penal provisions of the statute governing the sale and exchange of automobiles. Furthermore, there is no claim that insured violated any of the provisions of G. S. 1947 Supp. 8-135 so as to affect adversely his title to the White truck. A person may actually own an automobile and thus have an insurable interest in it and yet not have legal evidence of title. Insurable interest has been defined as:

"The principle may be stated generally that anyone has an insurable interest in property who derives a benefit from its existence or would suffer loss from its destruction." 29 Am. Jur., Insurance, § 322, p. 293.

It is argued that the Service Co. policy covered only the White truck itself—and not the tank. However, it provided that "the word automobile shall also include its equipment and other equipment permanently attached thereto." Under all of the facts and circumstances we have no difficulty in holding that for the purposes of the Service Co. policy issued on December 28 insured had an insurable interest in the White truck and tank.

Holding as we do in the above two situations, what effect did the taking out of the Service Co. insurance have on the liability of defendant under the automatic extension provision of its policy? Included in this very provision is the further proviso:

"This insuring agreement does not apply: (*a*) to any loss against which the named Insured has other valid and collectible insurance, . . ."

That such restrictions in fire insurance policies are valid is beyond dispute. *Bodine v. Farmers Alliance Ins. Co.*, 136 Kan. 662, 17 P. 2d 934; 29 Am. Jur., Insurance, § 731, p. 566; 45 C. J. S., Insurance, § 533, p. 269.

It is argued that paragraph 19 of defendant's policy recognizes other insurance and provides in effect for a prorating of the liability in such cases. The only trouble with that argument, however, is that the automatic insurance provision for the replacement vehicle is the one with which we are here concerned, for if it were not for such provision defendant's liability would have been extinguished when insured parted with possession and ownership of the Ford truck, and this provision contains the express restriction, *supra*, respecting other insurance. From the record before us it therefore appears that as of the date of loss the insured had other valid and collectible insurance, the effect of which is that such liability as would have otherwise attached under the automatic coverage provision of defendant's policy was extinguished. Holding as we do, it becomes unnecessary to discuss defendant company's other contention with respect to the conditional sale contract on the replacement vehicle.

From what has been said it therefore follows that the judgment of the lower court is reversed, with directions to enter judgment in favor of the appellant.