(654 P.2d 485)

No. 54,070

HILDEGARD PRICE and LENARD PRICE, *Appellants,* v. TRINITY UNIVERSAL INSURANCE COMPANY, *Appellee.*

Opinion filed December 2, 1982.

*Richard F. Waters* of Bengtson, Waters & Thompson, Chartered, of Junction City, for the appellants.

*William A. Larson* of Gehrt & Roberts, Chartered, of Topeka, for the appellee.

Before FOTH, C.J., JEROME HARMAN, Chief Judge Retired, assigned, and FREDERICK WOLESLAGEL, District Judge Retired, assigned.

HARMAN, C.J. Retired: This is an appeal from a judgment denying recovery under a fire insurance policy. The primary issue is whether the policyholders had an insurable interest in the burned property.

Trial was to the court on stipulated facts.

On July 12, 1977, plaintiffs Hildegard and Lenard Price entered into a written contract to purchase from Roy and Deanna Clemence a lot and house in Junction City, Kansas (Lot 3, Block 36, Cuddy's Addition), along with two other lots with which we are not concerned here, purchase price $10,500.00. Upon execution of this contract, plaintiffs took possession of Lot 3.

On August 25, 1977, the Prices filed a lawsuit against the Clemences seeking specific performance of the contract of sale as to Lot 3. The Clemences answered, asserting they had not intended to sell Lot 3 and, because of mutual mistake of fact as to

descriptions, the contract should be reformed by deleting Lot 3 from the contract.

On November 11, 1977, while the Clemence lawsuit was pending, plaintiffs purchased a Fair Plan insurance policy from defendant Trinity Universal Insurance Company of Kansas, insuring the property against loss by fire for $5,000.00. Trinity was unaware of the lawsuit at the time.

On June 20, 1978, the house was damaged by fire. Although Trinity had paid one vandalism claim under the policy in February, 1978, it did not pay the fire loss because of the Prices' lawsuit against the Clemences.

On May 23, 1979, the Price v. Clemence case was tried in another division of the trial court. That court held that the contract to purchase the house in question was void *ab initio* for mutual mistake of fact.

On July 3, 1979, Hildegard Price entered into a contract with the Clemences whereby she purchased all three lots, including the remains of the house in question, for $15,000.00. On September 24, 1979, a deed from the Clemences to Hildegard Price was recorded whereby she took title to this property pursuant to the July 3, 1979, contract.

On July 10, 1980, plaintiffs filed this lawsuit seeking $5,000 under the insurance policy. Issues were joined, trial was had, and the court denied liability on the ground plaintiffs had no insurable interest in the property. It also denied plaintiffs' claim of estoppel by reason of the prior payment of the vandalism claim. This appeal ensued.

Generally, a person has an insurable interest in property whenever he would profit by or gain some advantage by its continued existence and suffer some loss or disadvantage by its destruction. *Weaver v. Hartford Fire Ins. Co.,* 168 Kan. 80, 84, 211 P.2d 113 (1949). See also 3 Couch on Insurance 2d § 24.13.

Here the contract under which plaintiffs are claiming was declared void from the beginning for mutual mistake of fact. Plaintiffs were in possession of the property without the consent of the true owners, judicially determined. (Their possession was challenged shortly after they acquired it so that the matter got in court about six weeks after the execution of the purported contract. Plaintiffs procured their insurance from Trinity some eleven weeks later. Trinity did not know of the contract of sale and the Clemence lawsuit until its investigation of the fire.) The

house which burned was not plaintiffs' property and never had been. They suffered no pecuniary damage from its destruction. To permit recovery under the fire policy would amount to a windfall for plaintiffs. The trial court correctly ruled they had no insurable interest in the property.

Plaintiffs further urge that Trinity's prior payment of a vandalism claim estops it from asserting that they had no insurable interest.

"The rules governing waiver and estoppel do not affect or bar a defense to a claim of insurance where the claimant had no insurable interest in the property covered by the policy." *Barton v. Mercantile Ins. Co.,* 127 Kan. 271, Syl. ¶ 3, 273 Pac. 408 (1929).

See also *Colver v. Central States Fire Ins. Co.,* 130 Kan. 556, 287 Pac. 266 (1930).

Nothing in the case at bar suggests that departure from the broad holding in *Barton* would serve the interests of justice. The trial court properly ruled that Trinity's prior payment of a vandalism claim did not estop it from asserting that plaintiffs had no insurable interest in the burned property.

Judgment affirmed.