SUSAN HOLLIN, PLAINTIFF-RESPONDENT, v. ESSEX MUTUAL BENEFIT ASSOCIATION OF NEWARK, NEW JERSEY, A CORPORATION, DEFENDANT-APPELLANT.

Submitted July 6, 1915—Decided November 15, 1915.

The legislature by the Insurance act of 1907 (*Pamph. L., p.* 133; *Comp. Stat., p.* 2868) meant that the terms required to be inserted in policies of life insurance should be a part of every contract of life insurance within the scope of the act.

On appeal from the Supreme Court.

For the plaintiff-respondent, *Arthur D. Seymour.*

For the defendant-appellant, *Edward R. McGlynn.*

The opinion of the court was delivered by

SWAYZE, J.  We agree with the Supreme Court that the instrument on which the plaintiff sues is a policy of life insurance within the meaning of the act of 1907 (*Pamph. L., p.* 133, printed in *Comp. Stat., p.* 2868, as *pl.* 94–105 inclusive).  This act is a supplement to the act of 1902 to provide for the regulation and incorporation of insurance companies and to regulate the transaction of insurance business in this state.  The regulation of the transaction of insurance business is an expression broad enough to include the transaction involved in the present case.  If there were proof

that the defendant was incorporated under the act to incorporate associations not for pecuniary profit as stated in defendant's brief, a question might arise whether the provisions of the act of 1907 would apply to any insurance business except that transacted by corporations organized under the act of 1902. In the absence of such proof we must assume that the act of 1907 applies, unless its application is otherwise forbidden. The sixth section of the act of 1907 (*Comp. Stat., p. 2871, pl. 99*) enacts that it shall not apply to corporations or associations operating on the assessment or fraternal plan. The reason for this provision undoubtedly was that corporations of that kind were already provided for in the entirely different and distinct act of 1897 (*Pamph. L., p. 257*, printed in *Comp. Stat., p. 2880*, as *pl. 131–141*, inclusive), which is limited by its very title to life insurance companies on the assessment plan, and is therefore inapplicable to the present case. That act defines what is meant by the assessment plan. Section 2; *Comp. Stat., p. 2880, pl. 132*. It is not and cannot be claimed that the present defendant is within that definition. Section 6 of the act of 1907 also excepts corporations operating on the fraternal plan. What this plan is does not seem to be defined. Section 2 of the act of 1897 (*Comp. Stat., p. 2880, pl. 132*) indicates that it means perhaps the lodge plan or perhaps associations conducted solely for benevolent or charitable purposes. We need not consider the meaning, since whatever it is there is no proof that the defendant is one of the excepted class.

The question then presents itself what effect do the requirements of that act that the policy shall contain certain provisions, have when in fact the policy does not contain them. It would be manifestly unfair to the assured to hold that the omission by the company of the statutory terms, renders the policy illegal or void, and there is nothing in the act, not even a penalty for the omission, to indicate that such was the legislative intent. It is clear, we think, that the legislature meant that the terms set forth in the act should be a part of every contract of life insurance. The fact that the act in terms relates only to policies does not militate against the

conclusion. Policies are the written form which contracts of life insurance ordinarily take and are meant to take; but the contract may exist without the policy and when once made is in effect a contract that a policy shall issue with the provisions required by statute. The case is like cases where in a contract of fire insurance, a binder is issued in advance of the policy. The binder does not contain all the terms of the standard policy, but it has been held in favor of the companies (rightly, we think) that the assured is nevertheless bound by the provisions of the standard policy. *Lipman* v. *Niagara Fire Insurance Co.*, 24 *N. E. Rep.* 699; *Hicks* v. *British America Assurance Co.*, 56 *Id.* 743. The same rule has been applied to a contract of life insurance. *Gardner* v. *North State Mutual Life Insurance Co.* (*N. C.*), Ann. Cas. 1915 B, 652. (A note collects other cases.) It is a mere question of pleading whether the complaint shall aver that there was a contract to issue such a policy, or aver that the statutory provisions are implied terms of the policy actually issued. In this case, the complaint (or state of demand) avers that the defendant in consideration of the payment by the assured of one dollar a month, agreed to pay to the plaintiff who had been named a beneficiary, the sum of one hundred dollars upon the death of the assured. We·see no difficulty even of pleading in permitting the plaintiff to recover if there has been compliance with the terms of the contract by the assured. That there has been such compliance is not questioned. The only default alleged is the failure to pay the November premium on November 4th. It is admitted that it was paid on November 23d, well within the month's grace allowed by the statute.

The judgment must be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, PARKER, MINTURN, KALISCH, VREDENBURGH, WHITE, TERHUNE, HEPPENHEIMER, WILLIAMS, TAYLOR, JJ. 13.

*For reversal*—None.