No. 22,144.

D. A. DABNEY, *Appellee,* v. THE CONNECTICUT FIRE INSURANCE COMPANY, *Appellant.*

SYLLABUS BY THE COURT.

1. INSURANCE—*Cattle—Loss—In Possession of Commission Merchants —No "Change of Title or Possession."* The placing of cattle in the possession of commission merchants at a stockyards exchange to be sold on commission, and which were destroyed by fire before a sale was effected, is not such a change of possession as will avoid a contract of insurance wherein it was provided that if there was a change of title or possession of the cattle without the agreement of the insurer, The policy would be void.

2. SAME—*No Additional Insurance by Consent of Insured.* A provision in the policy that if the insured should make or procure any other contract of insurance without the consent of the insurer, it would operate to avoid the policy, was not violated where the stockyards exchange to which the cattle were shipped had procured insurance on all cattle brought into the yards, and of which policy the owner of the cattle had no knowledge.

3. SAME—*No Increase in Risk by Acts of Insured.* Another provision of the policy, to the effect that the insurer should not be liable for

loss or damage caused by fire, if without the consent of the insurer the risk was increased by any means within the knowledge of the insured, was not violated by the shipment of the cattle from the pastures to the stockyards, since a stipulation of the policy relating to location expressly provided that the insurance was to cover the cattle located "anywhere."

Appeal from Montgomery district court; JOSEPH W. HOL-DREN, judge. Opinion filed May 10, 1919. Affirmed.

*John Bertenshaw,* of Independence, and *Seymour · Edgerton,* of Chicago, Ill., for the appellant.

*J. B. Tomlinson,* of Independence, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: The Connecticut Fire Insurance Company appeals from a judgment obtained by D. A. Dabney based upon an insurance policy which covered a herd of plaintiff's cattle, insuring them against loss by fire or lightning, thirty head of which were destroyed by fire. The policy was issued when the cattle were being kept in Montgomery county, Kansas, and later plaintiff shipped them to the Kansas City stockyards for sale, employing Clay, Robinson & Company as his agents to negotiate a sale, but before the sale was effected cattle of the value of $2,153 were burned. Defendant contested the claim of plaintiff under the policy upon several grounds. One was that there had been a change of possession of the cattle without the consent of the insurance company, in violation of a provision of the policy to the effect that if there was a change of title or possession, or if the interest of the insured became other than unconditional unencumbered sole ownership without agreement of the insurer, the policy would be void.

Placing the cattle in the hands of the commission merchants for sale, without the knowledge or consent of the insurance company, did not avoid the insurance. There is no claim that there was a change of title, and to temporarily turn them over to the commission merchants that the plaintiff had employed to sell them was no more a change of possession than if he had put them in charge of persons that he had employed to transfer them from one pasture to another. So far as the insurance company was concerned, the possession of the commission mer-

chants, under the circumstances, was the possession of the plaintiff. We are not concerned with the right of possession of a commission merchant or factor to secure payment of commissions and charges incident to a sale. In such a case the possession of the commission merchant would become adverse, something quite unlike that involved in this controversy. The cases cited by defendant relating to the liens of commission merchants, carriers, and brokers do not apply here, nor do the cases relating to possession taken under process of law. Temporary holding of possession by an agent of the owner does not come within either the letter or spirit of the insurance contract. The risk or moral hazard of the insurance company is not increased by the transaction. A change which will avoid a policy must be such as is calculated to make the owner less watchful in caring for the insured property, and the nominal and temporary possession of the commission merchant was not of such a character as would increase the temptation of the owner to defraud or destroy, nor make him less careful in guarding the property against loss.

There is a contention that there was a violation of the provision of the policy which stipulated that if the assured should hereafter make or procure any other contract of insurance, it would operate to avoid the policy. It appears that the Kansas City Live Stock Exchange, for its own purposes, had taken out a policy in another company for a five-year period on all live stock that came into the exchange, the premium being ten cents per car, and that this was charged to the shippers in bills rendered to them by the exchange. This did not operate to avoid the policy, as the added insurance was not procured by the plaintiff, and he had no knowledge that the exchange had taken the insurance until after his cattle were burned. It is the making or procuring of another contract of insurance by the insured which invalidates the policy in question, and not the contracts that other parties may make. Another reason why the defendant's contention fails, is that the policy taken out by the exchange itself provided that it should not cover live stock on which there was specific insurance; and, as plaintiff's cattle were so insured, they were not included within the insurance taken out by the exchange.

The policy contained a provision that—

"This company shall not be liable for any loss or damage caused by fire, if the risk be increased by any means within the knowledge of the assured . . . unless provided by agreement indorsed hereon."

The defendant set up as a defense that the cattle had been shipped from a pasture in Montgomery county, where they were when the policy was issued, without the consent of the defendant, and placed in the pens of the Kansas City Stock Yards Company, and that the hazards· of loss by fire were much increased by the transfer. The court ruled that, in view of another provision of the policy, the transfer· of the cattle did not constitute a defense. There was no error in the ruling, as the conditions of the policy relating to the location of the cattle were that they were insured to the extent of $3,000 while located "anywhere," and not "elsewhere." There was no stipulation in the policy that the cattle should be kept in a particular place during the insurance period; and, in terms, the insurance was made to follow them wherever they might be taken or kept. No change of location could increase the hazards contemplated by the parties nor remove the cattle from the protection provided in the policy. The proposed defense being wholly outside of the contract of insurance, it was rightly stricken from the answer, and the offered testimony in support of it was correctly excluded from the jury.

Judgment affirmed.