## DE NOYA, Adm'r. v. FIDELITY PHOENIX INS. CO.

No. 13803—Opinion Filed June 9, 1925.

### 1. Insurance—Oral Contract of Fire Insurance—Authority of Agent.

Where a fire insurance company appoints an agent with authority to receive applications for insurance, pass upon and accept or reject the risk, receive the premium, and issue and deliver the policy therefor, such person is a general agent for the company and he may enter into an oral contract of insurance and bind his principal thereby.

### 2. Same — Issuance of Policy Unnecessary for Liability.

It is not essential that an insurance policy be issued and delivered before liability attaches under an insurance contract, which may rest in parol.

### 3. Same—Statutory Terms Implied in Contract.

A contract of insurance, entered into between the agent and the owner, includes within its terms, by implication, if not specifically mentioned and set forth in the contract, the terms and conditions of the statutory standard form of policy.

### 4. Same—Proof of Loss—Waiver.

The furnishing of the proof of loss within 60 days after the fire, as provided for in the standard form of policy under section 6767, Comp. St. 1921, is waived by the company by its denial of liability under the contract of insurance within said 60 days.

(Syllabus by Jarman, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Osage County; Chas. B. Wilson, Judge.

Action by C. E. De Noya against the Fidelity Phoenix Insurance Company. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

T. J. Leahy, C. S. Macdonald, and Swan C. Burnette, for plaintiff in error.

Rittenhouse & Rittenhouse, for defendant in error.

Opinion by JARMAN, C. This was an action by C. E. De Noya against the Fidelity Phoenix Insurance Company. Since lodging the appeal in this court, the plaintiff has died and the cause has been revived in the name of Fred De Noya, administrator of the estate of the said C. E. De Noya, deceased.

The petition of the plaintiff alleges the following state of facts: That on or about the 26th day of June, 1920, the plaintiff made and entered into a contract of insurance with the defendant, Fidelity Phoenix Insurance Company, through its general agent, Fred Cox, who was duly authorized, as the agent of the defendant, to receive applications for, and execute contracts of, insurance and to deliver policies representing said contracts of insurance for the purpose of insuring property against loss by fire, whereby said defendant agreed to insure the property of the plaintiff against loss by fire for a period of three years from June 26, 1920, in the sum of $11,000, and for a premium of $312.50, which was paid by the plaintiff to said agent, and that the defendant, through said agent, further agreed to deliver to the plaintiff its policy evidencing said contract of insurance; that, on the 5th day of December, 1920, the property of the plaintiff covered by said insurance was destroyed by fire; that the defendant failed to deliver the policy of insurance to the plaintiff as per agreement and the plaintiff did not know until after the fire that the defendant did not intend to so deliver said policy; that, upon the happening of the fire, the plaintiff notified the defendant thereof, and demanded payment of his loss under the contract of insurance, which was refused, and the defendant denied any and all liability under said contract of insurance and refused to pay the same.

The plaintiff prayed for specific performance of said contract by requiring the defendant to issue and deliver to the plaintiff its standard form of policy covering the property in question in keeping with said contract of insurance, and also prayed for such other and further relief as he might be entitled to, both in law and equity. To this petition the defendant filed a demurrer, which was sustained on the ground that said petition did not state a cause of action against the defendant. The plaintiff elected to stand on his demurrer and declined to plead further, and thereupon the court made and entered judgment dismissing said action: from which the plaintiff appealed.

As contended by the defendant, it is not necessary that a written policy be executed and delivered to the plaintiff in order that an action on a contract of insurance may be maintained. This court, in the case of McCracken v. Travelers' Ins. Co., 57 Okla. 284, 156 Pac. 640, has held that the issuance and delivery of an insurance policy is not essential to establish liability upon an insurance contract, which may rest in parol. It is not necessary, therefore, to consider that

portion of the petition of the plaintiff, wherein specific performance of the contract, requiring the defendant to execute and deliver to the plaintiff an insurance policy, is sought. Under the allegations of the petition, as contended by the defendant, this suit resolves itself into an action on an oral contract of insurance, and the plaintiff's recovery thereon is not affected by the failure of defendant to execute and deliver its policy of insurance covering the oral contract. Since the oral contract of insurance, as alleged by the plaintiff, fails to disclose the form of insurance policy to be executed and delivered by the defendant, the law will read into such oral contract the provisions of the standard form of fire insurance policy provided for by section 6767, Comp. St. 1921, which is the only form of policy authorized by the laws of this state in such cases. As stated by the court in the case of Hicks v. British Amer. Assurance Co. (N. Y.) 56 N. E. 743, at pg. 744:

"It is usual for the company to issue a policy of insurance evidencing the contract between the parties; but the policy accomplishes nothing more than that, for, when the contract is entered into between the agent and the owner, whether the binder be verbal or in writing, it includes within it the standard form of policy and the contract is a completed one." See, also, Northern Ins. Co. v. Union Fire Ins. Co. (Cal.) 170 Pac. 434; Heilbrunn v. German Alliance Ins. Co., 125 N. Y. Supp. 374; Hollis v. Essex Mutual Benefit Association (N. J.) 96 Atl. 71.

The defendant contends that the petition of the plaintiff fails to state a cause of action and that the demurrer thereto was properly sustained for the reason that the petition wholly failed to allege that the plaintiff, within 60 days from the date of the fire, furnished to the defendant a proof of loss or that said proof of loss was waived by the defendant within such time. The standard form of policy provided for by section 6767, supra, requires the plaintiff to furnish to the defendant, within 60 days after the fire, a verified proof of loss in writing and further provides that the amount of the loss shall not become payable until 60 days after said proof of loss shall have been received by the company, and that no suit or action for the recovery of said loss shall be maintained until this requirement shall have been met by the assured. The petition does fail to allege that said proof of loss was furnished, but it alleges, in substance, that immediately upon the happening of the fire the plaintiff notified the defendant thereof, and the defendant then immediately denied any liability under the contract of insurance and

refused to make any payment thereunder, all of which happened within the 60 day period, and such denial of liability on the part of the defendant was sufficient to waive the furnishing of proof of loss. While the petition does not give the exact date the defendant was notified of the loss nor the exact date when the defendant denies liability under the contract of insurance, yet the fair and reasonable inference to be drawn from the allegations of the petition is that the same transpired within the 60 day period from the date of the fire, as shown by the following allegation:

"* * * And * * * **upon the happening of the fire aforesaid,** he notified the defendant and its agent, Fred Cox, and demanded payment of his loss when he was informed by the agent, Fred Cox, and by another officer or general agent of defendant, whose name he does not remember, but who came to the farm of plaintiff with said Cox, and inspected the property and offered to return the premium paid by plaintiff, and **there denied any liability under said contract and refused to pay. * * *"**

The court erred in sustaining the demurrer to said petition, and the judgment of the trial court is reversed, and the cause remanded for further proceedings consistent with the views herein expressed.

By the Court: It is so ordered.

Note.—See under (1) 32 C. J. p. 1065; anno. 22 L. R. A. 773. 14 R. C. L. pp. 880, 881; 3 R. C. L. Supp. p. 703, 5 R. C. L. Supp. p. 784. (2) 32 C. J. 1116. (3) 32 C. J. p. 1162. (4) 33 C. J. p. 34; anno. 22 A. L. R. 407; 14 R. C. L. pp. 1349, 1350; 3 R. C. L. Supp. p. 388; 4 R. C. L. Supp. 965, 5 R. C. L. Supp. 816.