No. 30,890.

MRS. J. A. BODINE, *Appellant*, v. THE FARMERS ALLIANCE INSURANCE COMPANY, *Appellee*.

(17 P. 2d 934.)

Opinion filed January 7, 1933.

W. K. *Skinner*, of Stockton, *Robert Stone, James A. McClure, Robert L. Webb, Beryl R. Johnson* and *Ralph W. Oman*, all of Topeka, for the appellant. *Otis S. Allen* and *George S. Allen*, both of Topeka, for the appellee.

The opinion of the court was delivered by

SLOAN, J.: This was an action to recover on a fire-insurance policy. The defendant prevailed, and the plaintiff appeals.

The case was tried to the court without the aid of a jury. The court made findings of fact which may be stated, in substance, as follows: J. A. Bodine was the owner of a farm in Rooks county on which was located a dwelling house, and on September 28, 1927, on his application, the Republic Mutual Fire Insurance Company issued its policy of insurance against fire on the dwelling house in the sum of $800, for a term of five years. He died August 17, 1928, testate, and by his will, which was duly admitted to probate, he devised a life estate in the land to his widow, the plaintiff, and the remainder to his children. On October 9, 1928, the plaintiff, without any knowledge of the existence of the policy of insurance, on the solicitation

of the defendant's agent, signed an application for insurance on the dwelling house above referred to in the sum of $800. Among other things the application contained the following questions and answers:

"Is title to the land in your own name? A. In husband now deceased.

"If other than fee simple, what kind of title have you? A. Income to wife her lifetime.

"Is there other insurance on property described in this application? A. No."

The company accepted the application and issued the policy. The by-laws of the company, among other things, provide:

"Article XVII, Avoidance of policy. This entire policy shall be void if the insured has concealed or misrepresented, in writing or otherwise, any material fact or circumstance concerning the issuance or the subject thereof. . . . This entire policy, unless otherwise provided by agreement indorsed thereon, or added thereto, by the secretary shall be void if the insured now has or shall hereafter take or procure any other contract of insurance, whether valid or not, on property covered in whole or in part by this policy."

The house was destroyed by fire January 4, 1930. Notice was given the defendant and proof of loss was submitted. The defendant denied liability on the ground that the property was insured at the time the policy was issued. At the time of the execution and delivery of the policy neither the plaintiff nor the defendant, or any of its agents, knew of the existence of the prior insurance, and the plaintiff did not have any knowledge thereof until after the fire, whereupon she disclaimed any interest in such prior insurance. Judgment was entered in favor of the defendant, from which judgment plaintiff appeals.

The appellant contends that since she had no knowledge of the existence of the insurance policy issued to her husband until after the fire and has not ratified such insurance, that the policy is not void.

The by-laws of the company contained the following agreement:

"This entire policy . . . shall be void if the insured now has or shall hereafter make or procure any other contract of insurance . . . on property covered in whole or in part by this policy . . ."

The appellant was bound by the terms of the policy, including the by-laws of the company. (*Kennedy v. Farmers Alliance Ins. Co.,* 127 Kan. 768, 275 Pac. 214.) This court has enforced the agreement and held that the taking of additional insurance without the consent of the company renders the policy void. (*Assurance Co. v. Norwood,* 57 Kan. 610, 47 Pac. 529; *Pettijohn v. Insurance Co.,* 100

Kan. 482, 164 Pac. 1096.) This agreement is enforced by the courts generally, and the violation thereof renders the policy void unless the company has waived the right to insist upon a forfeiture. (14 R. C. L. 1135.) Good faith on the part of the insured does not give validity to the contract if he was in any way a party to the prior or subsequent insurance. An oversight on his part of the existence of a prior policy, if he participated in its procurement, does not excuse him from the representation that there was no insurance on the property. (26 C. J. 260.) But a different rule applies where the existing or additional insurance was procured by a third person without the knowledge or consent of the insured.

In the case of *Humble v. Insurance Co.*, 85 Kan. 140, 116 Pac. 472, this court said:

"Where a fire-insurance policy is conditioned to be void if the insured now has or shall hereafter procure any other contract of insurance on the property without the consent of the insurer indorsed on the policy, and there' is a loss, the fact that insurance had been taken out by others, without the knowledge or consent of the insured, and which was not thereafter ratified by the insured, will not operate as a forfeiture of the insurance nor affect the insured's rights under the policy." (Syl. ¶ 4.)

In *Dabney v. Insurance Co.*, 104 Kan. 796, 180 Pac. 784, this court in the opinion said:

"It is the making or procuring of another contract of insurance by the insured which invalidates the policy in question, and not the contracts that other parties may make." (p. 798.)

In *American Eagle Fire Ins. Co. v. Vaughan*, 35 F. 2d 147, the court cited the Humble case and stated:

"The case, therefore, falls clearly within the rule that the clause of insurance policies forbidding the taking of other or additional insurance is not violated where one other than the insured procures a policy in the latter's name without his knowledge, acquiescence, or ratification." (p. 149.)

In 5 Couch on Insurance, 1049, it is said:

"It may be reasonably deducted from the decisions that the insured will not, on the ground of a breach of condition as to other insurance, lose the protection afforded by his policy where there clearly exists, *bona fide*, a want of knowledge or consent on his part as to other policies being issued or in existence, and which, without such want of knowledge or consent, might constitute other insurance."

In *Akers v. Farmers Alliance Ins. Co.*, 118 Kan. 241, 243, 234 Pac. 956, reference is made to the Humble case, and it was said "that it is contrary to the clear weight of authority." In the Akers case

the court was dealing with only one of the questions involved in the Humble case, which was the effect of a by-law of a mutual company relating to encumbrance where no inquiry was made concerning the encumbrance in the application, and it was held that the by-law was binding on the insured. It is conceded in this case that the by-law relating to existing insurance is a part of the insurance contract, and its construction under the facts is for our determination.

The evidence and findings of the trial court are to the effect that the appellant did not have any knowledge of the existing insurance, and she did not acquiesce in or ratify it. In her application she stated that she had a life interest in the property, which had been acquired by will. This was an insurable interest. (26 C. J. 34.) The company was fully advised of her interest in the property, and with this knowledge they issued the policy. The purpose of the by-law is to prevent overinsurance and increase of moral hazard without the knowledge and consent of the insurer. The prohibition is against the insured. It does not affect third persons who may have an insurable interest in the property independent of the interest of the insured. The purpose of the clause is fulfilled in prohibiting the insured from acquiescing in or ratifying insurance procured by a third person without his knowledge. Under this rule the liability of the insurer is in no way increased, and there is no violation of the contract. The findings of the trial court clearly establish that the prior insurance was procured without appellant's knowledge, acquiescence or ratification, and that she has disclaimed any interest in the policy or its proceeds.

The judgment of the trial court must be reversed, with directions to enter judgment for the appellant for the amount of the policy and interest, together with a reasonable attorney fee. It is so ordered.