## UNITED STATES FIRE INS. CO. OF NEW YORK et al. v. RAYBURN.

No. 28201.   July 5, 1938.

Rittenhouse, Webster & Rittenhouse, for plaintiffs in error.

Ben F. Williams, Homer Cowan, and T. R. Benedum, for defendant in error.

HURST, J.  This is an action for damages for breach of contract to insure.  Judgment was rendered for plaintiff, and defendants appeal.  The facts are as follows:

March 9, 1934, plaintiff, a school teacher, purchased an automobile from defendant Kohler Chevrolet Company.  Plaintiff made a down payment and agreed to pay the balance on the installment plan in 16 equal monthly payments beginning April 5. 1934. The notes evidencing the payments were made payable to the defendant Security Finance Company, which was to handle the deferred payments.  Defendant Dial was president and owner of the Security Finance Company as well as the policy-writing agent for the defendant United States Fire Insurance Company of New York.  Plaintiff alleged that the defendants agreed to secure insurance, including collision insurance, on the car for a period of 18 months.  In this connection, plaintiff also contends that she purchased the car on what is referred to as the teachers' payment plan, under which the purchaser is given the privilege of ceasing to make payments during the summer months; that consequently the 16 payments agreed upon extended over a longer period of time than 18 months; and the insurance premium was included in the payments to be made on the car.  An insurance policy, including collision insurance, was issued on March 10, 1934 (a day after the purchase), for a term of one year.  On March 10, 1935, a second policy was issued for a term of one year, but same did not carry any collision coverage.  Neither of the policies was ever delivered to the plaintiff.  A controversy arose between plaintiff and the Security Finance Company a few months after the purchase of the car as to whether plaintiff had actually bought the car on the teachers' payment plan.  The company, through defendant Dial, conceded the point to the plaintiff and permitted her to pay on this basis for the first summer, but refused to do so the next summer.  Plaintiff then, on June 22, 1935, paid the total balance due, and Dial then canceled the policy of insurance which was issued on March 10, 1935. The collision occurred on August 31, 1935, more than 16 months and less than 18 months after the purchase of the car.  When payment of the claim was refused, plaintiff instituted the present action.

The only proposition urged by defendants on appeal is that the trial court erred in denying the defendants' demurrers to plaintiff's evidence and their motions for a directed verdict.  In this connection it is urged that there is no evidence establishing any agreement to secure insurance on plaintiff's car for a period of 18 months, and that there is no evidence to establish any authority in defendants Kohler, Kohler Chevrolet Company, Dial, or Securities Finance Corporation to bind the defendant United States Fire Insurance Company to such an agreement.  Since the first policy, which carried collision coverage, was effective for a period of only 12 months, and since defendants, including the United States Fire Insurance Company, contend that the agreement contemplated insurance, including collision coverage, for 16 months, the last-named company tacitly admits Dial's power and authority to bind it by an oral contract of collision insurance for at least a period of four months.  It follows, therefore, by virtue of defendants' own contention, that Dial did have authority to bind the United States Fire Insurance Company by an oral

contract of insurance. In addition to the foregoing, there is no dispute but that Dial was the policy-writing agent for the United States Fire Insurance Company in the city of Bristow, Okla., where the transactions involved herein occurred, and it was held in Commercial Casualty Ins. Co. v. Connellee (1932) 156 Okla. 170, 9 P.2d 952, that such an agent has authority to enter into contracts of insurance for and on behalf of the company which he represents. We are concerned, then, only with the question of whether there is any evidence reasonably tending to support the verdict. In Massachusetts Bonding & Insurance Co. v. Vance (1918) 74 Okla. 261, 180 P. 693, it was held that "parol insurance, comprehending the subject of insurance, the time when the risk attaches and ends, the amount of indemnity, the parties, and the premium, contains all the elements essential to a binding contract of insurance, and is enforceable."

Defendants do not deny that a contract of insurance, including collision coverage, was agreed upon, but they contend that it was to terminate at 16 months rather than at 18 months as contended by plaintiff. In this connection, plaintiff testified as to the arrangement made with Kohler and Dial, to the effect that the insurance, including collision coverage, was to run for 18 months; that the premium for the policy was included in the sales price of the car; and further that she was to pay for the car on the teachers' payment plan, which would have extended the time of payments therefor at least 18 months. The record further discloses that defendants permitted plaintiff to operate on this plan for the first summer, but refused her this privilege the second summer, thereby causing her to pay the balance due in full in June, 1935. Plaintiff further testified that nothing was said about discontinuing the insurance at the time she paid up the balance, but that she understood that same was to continue in full force and effect as originally agreed upon. The invoice for the sale of the car discloses on its face that the insurance on the car was to include a $50 deductible collision policy, and further discloses that the premium for the policy was included in the total cost of the car. We think that the trial court correctly refused to direct a verdict for defendants.

Affirmed.

BAYLESS, V. C. J., and RILEY, WELCH, and CORN, JJ., concur.