27546. GOLDEN v. NATIONAL LIFE & ACCIDENT INS. CO.

DECIDED DECEMBER 1, 1939.

*Homer A. Glore, Judson Andrews, G. C. Mitchell,* for plaintiff.
*Hendrix & Buchanan,* for defendant.

GUERRY, J. Susie J. Golden brought her action on an insurance policy issued by National Life and Accident Insurance Company,

to James W. Golden, her husband, on his life, in the sum of $144, and payable to her as beneficiary, the policy being numbered 16690735. The defendant filed a special plea alleging that the policy contained the following provision: "Unless otherwise stated in the 'Space for Endorsements' in a waiver signed by the president or secretary, this policy is void if the insured before its date has been rejected for insurance by this or any other company, order or association; or if any policy on the life of the insured has been issued by this company and is in force at the date hereof, unless this policy contains an endorsement signed by the president or secretary that such prior policy may be in force. The company shall not be presumed or held to know of the existence of any previous rejection, or any previous policy unless such fact or facts shall be expressly shown in the application, and the issue of this policy shall not be deemed a waiver of this condition;" and that on the date of the issuance of the above policy to James W. Golden, which was *issued to him* on an *application made by him,* there was in force policy number L 14141483 upon the life of said James W. Golden; that in the application for insurance signed by the said James W. Golden on September 19, 1937, the applicant was asked the question, "Are you insured in this company?" which question was answered, "No;" and that there was no endorsement by the secretary or president on the policy sued on of the fact of the former policy in force on the life of James W. Golden.

From the evidence introduced by the defendant it appeared that there was in existence a policy of insurance on the life of James W. Golden, issued by the defendant, in the sum of $33, which policy had been issued to Gene Golden, a son of James W. Golden, and payable to Gene Golden, and which had been issued on the application of Gene Golden alone, without the consent or knowledge of James W. Golden, who lived separate from his son in another town, and it further appeared from the evidence that James W. Golden had no notice or knowledge of the fact that Gene Golden had taken for himself any insurance policy on the life of James W. Golden, or that the said James W. Golden had acquired notice or knowledge of such fact when he answered "no" to the question in the application in the policy sued on, "are you insured in this company?" The company paid Gene Golden $33 on the policy it had issued to him. Gene Golden took this policy from the agent of the defendant

company in his own home and at the same time took policies on all the members of his family. Neither James W. Golden nor his wife, the plaintiff here, had any knowledge of the fact that Gene Golden also had a policy of insurance on the life of James W. Golden in which Gene Golden was named beneficiary.

Under the answers to the certified questions propounded by this court to the Supreme Court, the defendant may contract that it will not be presumed to know of the existence of any previous insurance it may have issued on the life of the applicant, and this provision in the policy is enforceable as a defense where there is in existence a previous contract of insurance between the parties. It will be noted that the Supreme Court in its answers said that the answers made were in the light of the facts gathered from the questions, and there may be some qualifications.

When the applicant answered "no" as he did in this case to the question, "are you insured in this company?" according to the evidence he answered truly. He did not have any contract of insurance with the defendant. There was in existence on his life a policy issued by the defendant to Gene Golden. James W. Golden, under the undisputed evidence produced by the defendant, never knew that there was such a policy in existence. He was not a party to such contract of insurance entered into between Gene Golden and the defendant, although Gene Golden's insurable interest in his life was the *subject-matter* of the contract or policy of insurance. As between National Life and Accident Insurance Company and James W. Golden such a policy or contract was lacking in the essential quality of mutuality. As between them there was no assent or meeting of minds and no consideration. When he answered that he was not insured, *his answer was true.* The fact that another person may have taken a policy on his life, in which such other person had had himself named as the beneficiary, bound the insured not at all. The application signed by James W. Golden was the basis of the policy sued on in this case. He had made no application for the policy issued to Gene Golden, nor did he know of the issuance of such a policy. A provision of the policy issued to him, which was based on the application which he signed and which provided that it was void "if any policy on the life of the insured has been issued by this company and is in force at the date hereof, unless this policy contains an endorse-

ment," necessarily refers to a policy which the insured himself had applied for, or at least knew of, and consented to its application and issuance. (That this is true, and that the company was seeking *that within the knowledge of the applicant* is forcibly manifested in the company's further accompanying notation, "If yes, give the numbers and amounts.")

To hold otherwise would destroy a valid contract of insurance. The applicant did not warrant or even represent that no other person had ever made or had issued to him a policy of insurance on his life. The question he answered was "are *you* insured in this company?" Its effect was and its proper construction is: have you, the applicant, entered into any contract of insurance with the defendant company? 5 Couch Insurance Law, § 1049, says: "It may be reasonably deduced from the decisions that the insured will not, on the ground of a breach of condition as to other insurance, lose the protection afforded by his policy where there clearly exists, bona fide, a want of knowledge or consent on his part as to other policies being issued or in existence, and which, without such want of knowledge or consent, might constitute other insurance." Other insurance "within the meaning of a provision in a policy against other insurance, does not include insurance procured without the knowledge and consent of the other party by a third person, who has no interest in the first policy, although he has or claims an insurable interest in the property." 5 Couch Insurance Law, 3659, § 1049. Thus in fire-insurance policies it has been held that the insurance issued to the owner would not be invalidated in spite of the clause contained therein where, without such owner's knowledge or consent, a mortgagee or lien holder of the property procured insurance on the same property. "If an owner of property accepts a fire policy thereon, containing a condition that it shall be void if other insurance is taken on the insured property, the fact that the mortgagee of such property subsequently takes other insurance on his interest does not avoid the owner's insurance if he did not know that insurance had been procured by the mortgagee." 5 Couch Insurance Law, 3660, § 1049. In 5 Couch Insurance Law, 3665, § 1053, it is said: "Other or double insurance exists where two or more policies of insurance are effected upon or cover the same interests in the same property, against the same risks, and in favor of, or for the benefit of, the same person.

And, as all of these conditions must concur, it follows that if different persons have different interests in the same subject of insurance, each may insure his interest without effecting other or double insurance." It was held by the Supreme Court of Kansas in Bodine v. Farmers Alliance Ins. Co., 136 Kan. 662 (17 Pac. 2d, 934): "Where a fire-insurance policy is conditioned to be void if the insured has any other contract of insurance on the property without the consent of the insurer, such condition is not violated where a third party had procured the issuance of a policy without the insured's knowledge, acquiescence, or ratification." See also Humble v. Insurance Co., 85 Kan. 140 (116 Pac. 472, Ann. Cas. 1912D, 630). In Dabney v. Insurance Co., 104 Kan. 796 (180 Pac. 784), the court said: "It is the making or procuring of another contract of insurance by the insured which invalidates the policy in question, and not the contracts that other parties may make."

Under the answers to the questions certified to the Supreme Court in this case, if James W. Golden had applied for and had issued to him another policy of insurance on his life, the second policy would have been voided irrespective of the fact that the company had continued to accept the premiums paid thereon; the conditions of the policy being binding irrespective of such payments, unless actual notice of the previous policy to the officers of the defendant was shown. Under the undisputed facts of this case the applicant for insurance has not answered falsely, nor was a policy of insurance on his life which was issued without his application therefor and without his knowledge or consent such other policy of insurance on his life as would make void the policy issued to the insured, James W. Golden, upon application made by him. We think the court erred in overruling the petition for certiorari.

The petition for certiorari sets forth the facts and the pleadings and then alleges: "On the closing of said evidence by the defendant the court rendered a verdict in their favor over the protest of the plaintiff. . . Your petitioner avers that the court erred in rendering his judgment, verdict, etc., in favor of the defendant, in that same is contrary to the evidence, law, equity, and rules of justice." The judge overruled the petition for certiorari, after a hearing thereon, and the plaintiff in error in her bill of exceptions says: "Which judgment [ruling of the superior court] is adverse

to your petitioner, is as movant contends contrary to the law, facts, and the rules of justice, to which she then excepted, now excepts, and assigns the same as error." The motion to dismiss for lack of proper assignments of error is denied.

The court erred in overruling the certiorari.

*Judgment reversed. MacIntyre, J., concurs.*

BROYLES, C. J., dissenting. The policy of insurance sued on contained the following provision: "This policy is void if . . any policy on the life of the insured has been issued by this company and is in force at the date hereof, unless this policy contains an endorsement, signed by the president or secretary" waiving the existence of such prior policy. On the trial, the undisputed evidence showed that when the policy sued on was issued there was in force another policy on the life of the same insured which was issued by the defendant company, and that the existence of the prior policy had not been waived by the company. James W. Golden was the insured in the policy sued on, and the insured in the prior policy; but the prior policy was issued on the application of James W. Golden's son without the knowledge of the father. The fact that the insured in the policy sued on had no knowledge of the prior policy is immaterial. The policy did not provide that it was void if there were in force another policy on the life of the insured, *and if the insured had knowledge of such policy,* but it clearly, distinctly, and without ambiguity, stipulated that the policy was void *if there were in existence and in force* another policy on the life of the insured when the policy sued on was issued. There was no qualification whatsoever in the policy as to such stipulation. So, the question here is not whether the insured made a false statement in his written application for the policy when he stated that he was not insured in the defendant company, but the only material questions are: (1) was he then insured in the company? and (2) did the company waive the said provision of the policy? Under the undisputed evidence the first question must be answered in the affirmative; and under the ruling of the Supreme Court in this case, 189 *Ga.* 79 (5 S. E. 2d, 198), in answer to questions certified by this court, a negative answer must be given to the second question. It follows that the judgment overruling the certiorari should be affirmed.