## REPUBLIC INSURANCE CO., DALLAS, TEXAS v. FRENCH.

### No. 3962.

United States Court of Appeals
Tenth Circuit.
March 2, 1950.

F. A. Rittenhouse, Oklahoma City, Okl. (John F. Webster, Walter D. Hanson, Olive R. Rittenhouse, Oklahoma City, Okl., William H. Shook and John Louis Shook, Dallas, Tex., on the brief), for appellant.

J. E. Williams, Ardmore, Okl. (E. H. Williams and W. J. Williams, Ardmore, Okl., on the brief), for appellee.

Before BRATTON, HUXMAN and MURRAH, Circuit Judges.

MURRAH, Circuit Judge.

The appellant, Republic Insurance Company, a Texas corporation, appeals from a judgment of the District Court of the Eastern District of Oklahoma in favor of the appellee, Katherine French, formerly Baird, on an "all-risk" insurance binder for personal clothing stolen from her automobile in front of a hotel in Mexico City. The jurisdiction of the court is based upon diversity of citizenship and requisite amount in controversy, both of which are present.

The judgment of the court is based upon its findings on the evidence, to the effect that on or about September 22, 1945, just prior to leaving for a trip to Mexico City, appellee asked her uncle in Dallas, Texas, to secure insurance covering the loss of listed personal property in her possession while on the trip. Her uncle contacted the Bill Tate Insurance Agency of Dallas, who in turn contacted his father, also an insurance agent for Republic, in Ardmore, Oklahoma, where the appellee was living at the time. As a result, the Tate Agency at Ardmore wrote a letter to the appellee dated September 22, 1945, stating that: "We are today binding all-risk insurance for you in the Republic as follows: $14,925.00 on scheduled jewelry. $8,500.00 on furs. $5,000.00 on clothing only while away from the above premises. Policy to be issued as soon as proper appraisal is received." A copy of the binding letter went to Republic and to the Dallas Agency.

On October 1 or 2, 1945, while the appellee's station wagon was standing in front of a hotel in Mexico City, and before the policies were issued, or in any event before they were delivered, furs and clothing were stolen from the station wagon having a value of several thousand dollars. The appellee immediately notified the Mexico City police, giving them a list of the articles taken, and called her uncle in Dallas, who immediately notified Republic of the loss. Republic advised appellee that it was investigating the loss through its agents in Mexico City. All of the furs were recovered by the Mexico City police, but the clothing was not. Appellee paid the police or detectives in Mexico City $100.00 reward for recovery of the furs. After the furs were recovered, the appellee furnished the appellant a complete list of the clothing stolen and the value of each item, and worked with Republic's agent in Mexico City, furnishing all the informa-

tion he requested. The list furnished to the agent was retained by him, and never at any time was further information requested and no objections were made as to its correctness.

On or about October 8, Republic delivered to appellee's uncle in Dallas two policies of insurance dated September 22, 1945. One was an all-risk floater policy covering the scheduled jewelry and furs. The other was an Inland Marine Scheduled Property Floater policy covering clothing while away from home, in the face amount of $5,000, but excepting from its coverage losses caused by theft or pilferage from an automobile, unless as a direct result of violent and forcible entry from a fully enclosed body, the doors and windows of which were securely locked, or from a securely locked compartment, but in no event for more than ten per cent of the total amount of insurance for which the policy was written, or for more than $250.00 for any one loss. Thus, under the policy issued, the limit of Republic's liability would in no event exceed $250.00 on this particular loss for clothing. The Company denied liability for any sum, however, on the grounds that the station wagon was not locked at the time of the theft and no forcible entry was made. Since the furs were returned with only slight damage, the all-risk policy covering furs and jewelry is not in suit.

On appeal, as in the trial court, Republic contends that the personal effects floater policy on the clothing was issued in pursuance to and in conformity with the binder, and being dated and effective as of the date of the binder, it superseded it; that being the only standard form of policy which could have been issued covering the risk, the terms and conditions of the policy necessarily govern the rights of the parties, and operate to limit the Company's liability to $250.00 in any event, plus the $100.00 reward money paid by appellee. In that connection, appellant invokes Title 36 O.S. A. § 244.1, which prescribes the standard form of fire insurance policies to be issued in Oklahoma; and Subsection (3) of Section 244.1, as amended in 1945,

after the date of the loss, providing that binders made orally or in writing should be deemed to include all terms of the statutory standard fire insurance policy, and all endorsements approved by the State Insurance Board. Since these statutes relate exclusively to fire insurance, they can have no application here.

But aside from the statutes, an insurance binder in Oklahoma is a recognized liability on a forthcoming insurance contract during negotiations therefor. Hayes v. Charter Oak Fire Ins. Co., 193 Okl. 617, 145 P.2d 941. And generally, in the absence of express agreements contained in the binder, it binds the insurance company to pay losses occurring before the policy is actually issued in accordance with the terms and conditions of policies ordinarily issued by the company to insure like risks. DeNoya v. Fidelity Phoenix Fire Ins. Co., 110 Okl. 235, 237 P. 125; Jennings v. Illinois Automobile Club, 319 Ill. App. 587, 49 N.E.2d 847; State Distributing Corp. v. Travelers Indemnity Co., 224 N.C. 370, 30 S.E.2d 377; Fisher v. Underwriters at Lloyd's London, 7 Cir., 115 F.2d 641; Couch on Insurance, Vol. 1, Sec. 91; 29 Amer.Juris. Sec. 143, p. 158.

But where, as here, the parties agree in writing upon specific terms of the coverage, the Company cannot avoid liability by issuing a policy which does not cover the risk contemplated by the binder. Especially after the loss has occurred and liability attaches. It cannot promise one contract and fulfill it with another. Mutual Fire Ins. Co. v. Goldstein, 119 Md. 83, 86 A. 35, Ann.Cas., 1914C, 723, Couch on Insurance, Vol. 1, Sec. 81. Republic agreed to bind "all-risk" on jewelry, furs and clothing, each in a stipulated amount, the policy to be issued as soon as the appraisal was received. This, as the trial court held, was a binding contract until the policy was issued, unless prohibited by law, or unless of course no such policy of insurance was available to cover the risk.

Republic says that the only policy available and issuable by it covering the clothing while away from home was a

personal effects floater policy, such as the one issued here; that the only all-risk coverage available was by the issuance of a personal property floater policy covering all personal property' at and away from home; and that it was not asked to issue such a policy and did not agree to do so in the binder. But there was testimony to the effect that all-risk insurance contracts covering personal property away from home were available and could have been issued. Such policies are not strangers or offensive to Oklahoma law. Quoting from an old case, the Oklahoma Court has said that "Where a policy of insurance contains the written clause 'against all risks' it protects the insured against every loss happening during the voyage, except such as may arise from its fraudulent acts." Hartford Fire Ins. Co. v. Baker, 127 Okl. 166, 260 P. 6, 7, 55 A.L.R. 796.

Here, the Company was asked to and agreed to write an "all-risk" insurance contract on clothing while away from home to the extent of $5,000.00, and it is no defense to say that it issued another policy after the loss, which by its terms limited the liability in any event to $250.00. The loss occurred while the binder was in effect, and the Company is bound by its terms.

But Republic calls attention to a comprehensive policy issued by the Kansas City Fire and Marine Insurance Company, providing for $25,000.00 admittedly covering the same property, and says that since Republic's policy does not cover "any property specifically or otherwise insured", there is no liability under its policy or the binder. Then it says that in any event, the Kansas City Fire and Marine Insurance Company's policy is contributing insurance in ratio to its limits of $25,000.00 to the limits of the binder in the sum of $5,000.00, so that it can be liable only to the extent of five twenty-fifths of any established loss.

The short answer to this contention is that the policy did not exist and was not the contract when the loss occurred. Its restrictive provisions cannot therefore be invoked to narrow the coverage contemplated by the binder. Cf. Salisbury et al. v. Hekla Fire Ins. Co., 32 Minn. 458, 21 N.W. 552. Furthermore, the defense of contribution or co-insurance was not pleaded or suggested in the trial court, and it cannot be presented for the first time on appeal.

Moreover, the court found that the Kansas City Company policy had been issued on application of the Executor of the Estate of appellee's deceased husband; that at the time she applied for insurance in the Republic, she was unaware of the existence of that policy, and therefore did not give any notice or submit proof of loss to that Company until several months after the loss occurred. After learning of the existence of that policy, she settled with the Kansas City Company for $733.00, which the trial court deducted from the sustained loss.

This is a separate insurance contract without privity with any other, and the only limitation upon the right of the insured thereunder is that it may not recover twice for the same loss. 29 Amer. Juris. 993. And in no event would the insured be precluded by prior insurance which was taken out without her knowledge, and under which she did not assert any rights until they were barred or impaired. Dabney v. Connecticut Fire Ins. Co., 104 Kan. 796, 180 P. 784.

The contention that the appellee is barred by failure to furnish timely proof of loss is conclusively answered by the supported findings of the trial court, to the effect that the appellee furnished a complete list of the clothing and the value of the same immediately after the loss, and the uncontradicted evidence to the effect that the Company investigated the loss, did not ask for further information, or deny liability until a short time before the suit was commenced. Prudential Fire Ins. Co. v. Trave-Taylor Co., 194 Okl. 394, 152 P.2d 273; Home Ins. Co. v. McClaran, 197 Okl. 48, 168 P.2d 306.

The judgment is affirmed.