TRADERS AND GENERAL INSURANCE COMPANY, Petitioner,

v.

Bryan F. ABEL; Leo Shelburne, George Tyler Construction Company; United States Fidelity and Guaranty Company; Herb Galloway Insurance Agency; Security National Bank, Duncan, Oklahoma; and State Industrial Commission of State of Oklahoma, Respondents.

Nos. 37969, 37970, 37972, 37975.

Supreme Court of Oklahoma.

May 5, 1959.

Rehearing Denied June 16, 1959.

Application for Leave to File Second Petition for Rehearing Denied Oct. 6, 1959.

Fisher & O'Toole, Oklahoma City, for petitioner Traders and General Ins. Co.

Grady H. Holloway and Rex H. Holden, Oklahoma City, for petitioner Herb Galloway Ins. Agency.

Fenton & Fenton, Oklahoma City, for petitioners George Tyler Const. Co. and United States Fidelity and Guaranty Co.

Custer W. Sandlin, Oklahoma City, for petitioner Security Nat. Bank.

Claud Briggs, Oklahoma City, for respondent Leo Shelburne.

Maurice Nagle, Oklahoma City, for respondent Bryan F. Abel.

Mac Q. Williamson, Atty. Gen., for respondent State Industrial Commission.

WELCH, Justice.

The claimant, Bryan F. Abel, commenced this proceeding by filing a claim against Leo Shelburne and the Traders and General Insurance Company for disability resulting from an accidental injury sustained on the 3rd day of December, 1956, when he fell while painting on a building being constructed or repaired in Duncan, Oklahoma, by George Tyler Construction Company. During the proceeding the Security National Bank, Herb Galloway Insurance Agency, United States Fidelity and Guaranty Company, and George Tyler Construction Company, general contractor for the construction or repair of the premises, were all made parties. The award in part is as follows:

"That respondent Leo Shelburne was an independent contractor of respondent George Tyler Construction Company; that respondents Leo Shelburne, Security National Bank, Herb Galloway Insurance Agency, and Traders

and General Insurance Company are primarily liable to claimant in this cause, and George Tyler Construction Company and its insurance carrier, United States Fidelity and Guaranty Company, are secondarily liable to claimant for the aforesaid accidental personal injury.

"That at the time of said injury, claimant's average wage was sufficient to fix his compensation rate at $28.00 per week.

"That as a result of said injury, claimant has been temporarily totally disabled from December 4, 1956, and is still temporarily totally disabled and in need of further medical treatment, care, and attention, and is entitled to compensation for temporary total disability to be paid as follows: Compensation at the rate of $28.00 per week from December 4, 1956, to May 20, 1957, and continue for and during claimant's period of temporary total disability, not to exceed 300 weeks, or until further order of this Commission; that claimant is entitled to be furnished such medical attention as may be necessary for correction of his condition due to said injury, at the hands of a competent physician to be selected by respondents or insurance carrier.

"It Is Therefore Ordered that respondents Leo Shelburne, Security National Bank, Herb Galloway Insurance Agency and Traders and General Insurance Company are primarily liable in this cause, and the respondent George Tyler Construction Company and its insurance carrier, United States Fidelity and Guaranty Company, are secondarily liable to comply with the terms of this order upon the failure or refusal of respondents Leo Shelburne, Security National Bank, Herb Galloway Insurance Agency and Traders and General Insurance Company so to do."

The cause and extent of disability of claimant is not an issue. Four separate appeals have been filed by the parties, and these appeals are presented in one record and consolidated under Number 37,969.

The record discloses, without dispute, that George Tyler Construction Company was contractor for the construction or repair of a building in Duncan, Oklahoma. It hired Leo Shelburne, subcontractor, for the painting. On or about the 26th day of November, 1956, Mrs. Shelburne contacted the Security National Bank and its agent called the Herb Galloway Insurance Agency to obtain a workmen's compensation insurance policy for Shelburne. A written policy was never issued. From this point on the testimony is in conflict on several points.

Mrs. Shelburne testified she went to the premises of the bank and talked to R. E. Hatly, cashier of the bank, and that Dixie Dalton, the head of the Insurance Division of the bank, called the Herb Galloway Agency, an agent for Traders and General Insurance Company, and arranged for a contract with Traders and General Insurance Company. Dixie Dalton and the cashier both testified substantially to the same effect. Dixie Dalton testified she told Rosalee Payne, co-owner of the Herb Galloway Agency, to write the policy, and Mrs. Payne said she would; that Mrs. Payne told her the policy would be for one year, based on a payroll of $12,000, and the down payment would be $244, and that the policy would be furnished by the Traders and General Insurance Company, whose principal office is in Dallas, Texas; both the cashier and Dixie Dalton testified as to an arrangement with the Herb Galloway Agency over a period of months by which the agency wrote policies for the customers of the bank and sent a statement for such services at the commencement of the next current month. The agency department of the bank received 12½ per cent commission on the policies written in this manner. Most of the dispute of the facts is as to the agreement at the time of the application for the contract, and whether there was an agreement that the contract should

588

be in force immediately or when the application for the policy reached the Dallas office.

■ There is patently an error in entering an award against either the Security National Bank or the Herb Galloway Insurance Agency. They are not insurance carriers and could not be made liable under the circumstances shown here by any order of the State Industrial Commission.

The liability must be determined under 85 O.S.1951 § 11, as amended in 1953 and 1955, which provides, in effect, that where an independent contractor does not carry insurance or otherwise comply with the related provisions of the Workmen's Compensation Act as to coverage for the employees of such independent contractor then the principal employer shall be liable. It is therefore necessary to determine whether the independent contractor or the subcontractor, Shelburne, was insured under the Workmen's Compensation Act.

■ It is first argued by petitioner, Traders and General Insurance Company, that the State Industrial Commission is without authority to determine this question. Tri-State Casualty Insurance Co. v. Bowen, 189 Okl. 97, 113 P.2d 981, specifically overruled Beck v. Davis, 175 Okl. 623, 54 P.2d 371, and United States Casualty Company v. Ledford, 180 Okl. 416, 70 P.2d 817, insofar as they held to the contrary, and held the State Industrial Commission has the right to determine the insurer of the party liable in a Workmen's Compensation case. See, also, Young v. Postal Mutual Indemnity Co., 189 Okl. 187, 115 P.2d 139.

■ We think this also includes the right of the State Industrial Commission to determine whether the contract of insurance was oral. This question is new in this jurisdiction. Under 85 O.S.1951 § 11, as amended in 1953 and 1955, it is the duty of the State Industrial Commission to determine which insurer of which employer is liable, and if the independent contractor is not insured and has not otherwise complied with the coverage provisions of

the Workmen's Compensation Act the State Industrial Commission must fix the liability as therein provided.

■ The next question presented is whether the evidence supports a finding that the Traders and General Insurance Company was liable under an oral contract. We have held a policy writing agency has authority to bind the principal by an oral contract. Massachusetts Bonding & Ins. Co. v. Vance, 74 Okl. 261, 180 P. 693, 15 A. L.R. 981; Metropolitan Casualty Ins. Co. v. Heard, 178 Okl. 461, 63 P.2d 720; United States Fire Ins. Co. of New York v. Rayburn, 183 Okl. 271, 81 P.2d 313. See, also, Annotations, 69 A.L.R. 559, and 92 A.L.R. 232.

In Metropolitan Casualty Ins. Co. v. Heard, it is stated:

"It is not essential that an insurance policy be issued and delivered before liability attaches under an insurance contract, which may rest in parol."

In Prudential Fire Ins. Co. v. Stanley, 191 Okl. 506, 131 P.2d 88, 89, it is stated:

"It is settled law in this jurisdiction that the hazard of loss can be assumed by an insurance company prior to the execution by it of a policy. Metropolitan Casualty Insurance Co. of New York, v. Heard et al., 178 Okl. 461, 63 P.2d 720; DeNoya v. Fidelity Phoenix Ins. Co., 110 Okl. 235, 237 P. 125; McCracken v. Travelers Insurance Co. 57 Okl. 284, 156 P. 640."

See, also, Kazanteno v. California-Western State Life Insurance Co., 137 Cal. App.2d 361, 290 P.2d 332.

The evidence discloses that Herb Galloway Insurance Agency was a policy writing agency. The amount of the contract was fixed. The payroll was determined. The down payment of $244 was agreed upon and the bank agreed to pay the amount of the premium for Shelburne in the regular manner of the business conducted between the bank and the agency. Dixie Dalton testified Mrs. Payne said she would write the policy. The individuals involved

were charged with knowledge of the importance of expediency. No explanation has been given as to why the policy was never written other than the delay incident to the time of year.

■ We hold there is sufficient evidence that the Traders and General Insurance Company is liable on the oral contract of insurance.

■ Since Leo Shelburne, the employer, primarily liable was insured it was error to enter an award against the general contractor or its insurance carrier. Likewise, it was error to enter an award against the Security National Bank or the Herb Galloway Insurance Agency as heretofore stated.

The award is affirmed as against the employer Leo Shelburne and his insurance carrier, Traders and General Insurance Company, and the award as against all others is vacated.