**PHILLIS DEVELOPMENT COMPANY, a corporation, Plaintiff in Error,**

v.

**COMMERCIAL STANDARD INSURANCE COMPANY, and North American Insurance Company, corporations, Defendants in Error.**

**No. 42076.**

Supreme Court of Oklahoma.

July 22, 1969.

Berry & Berry, Oklahoma City, for plaintiff in error.

Duvall, Head, McKinney & Travis, By Robert H. Mitchell, Oklahoma City, for defendants in error.

McINERNEY, Justice.

Plaintiff in its petition alleged that it had obtained from defendant insurance company, through the defendant insurance agent, a policy of insurance covering public liability on a particular motor vehicle; that it thereafter sought to enlarge the coverage of the policy to include collision risk. Plaintiff further alleges that in the parol negotiations on the proposed additional coverage plaintiff by an authorized officer agreed to buy and the defendant insurance agent agreed to sell an insurance policy issued by defendant insurance company which would include the collision risk coverage. It was also then allegedly agreed that the policy would be issued bearing an effective date coinciding with the expiration of the existing policy which did not cover collision loss. Plaintiff further alleged issuance of the policy effective at the agreed time but omitting collision coverage. Plaintiff did not seek to reform the policy but seeks to enforce the separate oral contract. Glens Falls Ins. Co. v. Johnson, Okl., 403 P.2d 229; United States Fire Ins. Co. of New York v. Rayburn, 183 Okl. 271, 81 P.2d 313. Its claim for recovery under the alleged parol insurance contract was denied and action on the alleged parol agreement was commenced.

No demurrer to the petition was interposed by either defendant. Both defendants joined issue by answer. Plaintiff filed its reply and the case came on for trial before a jury. The judgment appealed is for defendants, granted on motion, at the close of the opening statement to the jury. We are not in accord with this summary disposition of the lawsuit.

The opening statement generally paralleled the allegations of the petition. Plaintiff, by its counsel, admitted that a policy of insurance had been delivered to it. It also admitted that the policy had not been examined in its behalf prior to the loss sustained. Plaintiff stated to the jury that the policy had been delivered "not more than thirty days" prior to the loss.

An unconditionally accepted written contract supersedes any related inconsistent parol agreement. Concerning insurance contracts this court has espoused the rule that acceptance of an insurance policy must be unconditional but it need not be by formal act. Reception and retention of the policy without objection beyond a reasonable time may be deemed an acceptance. Nossaman v. Northwestern National Life Insurance Company, Okl., 376 P.2d 622, 625.

If in this lawsuit the plaintiff retained the policy without objection beyond a reasonable time then it cannot sue upon an earlier inconsistent parol agreement. The

written contract becomes the entire agreement. If the time of retention without objection was reasonable, then the inconsistent parol agreement, when proved, controlled the rights of the parties. The declaration in the opening statement that not more than thirty days had transpired between delivery of the policy and occurrence of the loss is not ipso facto an unreasonable period. The admission concerns a period the duration of which is from one to thirty days.

Defendants in error rely in their brief upon the decision in National Fire Ins. Co. of Hartford v. McCoy et al., 205 Okl. 511, 239 P.2d 428. The law of National Fire cannot be properly applied to this cause because there the theory of action is reformation of a written instrument. Here the contract sued upon is wholly parol, unequivocally alleged in an amendment to the petition filed October 18, 1965. The contract here alleged is wholly independent of the policy which the insurer issued and delivered to plaintiff. If the parol agreement alleged did not become merged into an unconditionally accepted written contract, then plaintiff can state a cause of action on that parol agreement disregarding for present purposes possible defenses not here interposed. Glens Falls Ins. Co. v. Johnson, supra.

From the opening statement we cannot know, and the trial court could not have known, whether the period of plaintiff's mute retention of the policy was reasonable or unreasonable. A definite period of time is not even stated, only that the period was thirty days or less.

Judgment on opening statement by counsel will be granted only when such statement positively affirms or admits facts clearly precluding recovery by plaintiff, or clearly showing no defense by defendants to the cause of action alleged by plaintiff. Williams et al. v. Long Bell Lumber Co., 203 Okl. 250, 219 P.2d 992, and cases there cited. The opening statement by counsel here did not admit facts precluding recovery. Adjudication of a justiciable controversy on the basis of an opening statement is not favored. If a petition withstands the challenge of a demurrer then it is good against motion by defendant for judgment on opening statement unless such statement contravenes material allegations of the petition by conceding either error in the petition or failure of proof. Harrell v. Horton, Okl., 401 P.2d 461, and cases there cited. No demurrer to the petition was interposed and the petition is presumed to be not demurrable because issues were joined by answer and by reply. Harrell v. Horton, supra. Unless the opening statement is a solemn admission of some controverted question of fact it is error to instruct the jury that a conclusive admission has been made, because the question is a jury question. Patterson v. Morgan, 53 Okl. 95, 99, 155 P. 694, 695.

The cause is accordingly reversed and remanded with directions to grant plaintiff a new trial.

All the Justices concur.